Opinion filed July 31, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 31,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00188-CV 

                                                     __________

 

                                              IN
RE JACK WATSON

 



 

                                                Original
Mandamus Proceeding

 



 

                                                                   O
P I N I O N

This
is a petition for writ of mandamus complaining of the trial court=s orders limiting the scope
of relator=s discovery
requests and providing the real party in interest additional time to respond to
outstanding discovery.  

I.
Background Facts

This
dispute arises out of a will contest.  Eddie Edington submitted a will executed
by Merl Dean Koenig in 2003 for probate.  This will bequeathed Koenig=s property in Coleman
County to a cousin and the remainder of her estate to Edington.  Jack Watson
contested Edington=s
application, contending that Koenig lacked testamentary capacity or,
alternatively, that the 2003 will was procured by undue influence.  Watson also
applied to probate a will that Koenig executed in 2000. This will bequeathed
Koenig=s estate to the
West Texas Rehabilitation Center.








The
trial court entered a discovery control plan that required the completion of
discovery by September 5, 2008.  The court also advised counsel that trial
would begin on October 6, 2008.  Watson served Edington with interrogatories
and requests for production.  Edington objected to each request for production
on the ground that it was overly broad, unduly burdensome, harassing,
irrelevant, and not reasonably calculated to lead to the discovery of
admissible evidence.  Edington advanced similar objections to several
interrogatories.  Watson filed motions to compel.  The trial court conducted a
hearing and granted Watson=s
motions in part.  Edington was ordered to respond to the interrogatories and
requests for production but only with regard to the seven days prior to the
date Koenig executed the 2003 will. The trial court gave Edington an additional
six weeks to serve its responses.

Watson
subsequently served requests for production of documents on a nursing center
and nursing home.  Edington filed motions to quash both requests and asked for
a protective order and for sanctions.  The trial court held a hearing, granted
the motions to quash and for protective order, limited Watson=s right to conduct
discovery to the seven-day period predating the execution of the 2003 will, and
conditioned further discovery requests upon a good-faith showing that Watson
had a meritorious challenge to the 2003 will.

II.
Issues on Appeal

Watson
argues that the trial court abused its discretion by limiting his discovery
requests to the seven days prior to the 2003 will=s
execution, by quashing his requests for production of documents from third
parties, and by conditioning future discovery requests upon a showing of a
good-faith belief in a meritorious challenge.  Watson contends that mandamus is
appropriate because he does not have an adequate remedy by ordinary appeal.

                                                                    III. 
Analysis








To
obtain mandamus relief, a relator must show that the trial court clearly abused
its discretion and that the relator has no adequate remedy by appeal.  In re
Sw. Bell Tel. Co., L.P., 226 S.W.3d 400, 403 (Tex. 2007) (orig.
proceeding). The Texas Supreme Court has recently written that whether an abuse
of discretion can be adequately remedied by appeal Adepends on a careful analysis of costs and
benefits of interlocutory review.@ 
In re McAllen Med. Ctr., Inc., No. 05-0892, 2008 WL 2069837, at *3 (Tex.
May 16, 2008) (orig. proceeding).  The court noted that this most frequently
arises when the very act of proceeding to trial, regardless of the outcome,
would defeat a substantive right.  Id.  For example, being forced to
trial when the parties had agreed to arbitration or being forced to a jury
trial when the parties had agreed to a bench trial.  Id.  The court also
recognized that mandamus can be appropriate in the discovery context and listed
several examples, including being forced to produce privileged information or
trade secrets.  Id.  But not all discovery disputes are appropriate for
a mandamus challenge.  The court noted that its balancing test should not
result in appellate courts involving themselves in incidental trial court
rulings and that mere expense and delay do not justify interlocutory review. Id.
at *6.  

Edington
responds that Watson=s
request is premature because he has not permanently lost a substantive right. 
Edington argues that the trial court is not holding that Watson can never
obtain discovery beyond the one-week period predating the will=s execution but has simply
limited his current discovery requests and conditioned future discovery upon
proof of a good-faith challenge to the 2003 will.  We are not without concern
that the primary beneficiary of the 2003 will is being allowed to assert
objections on behalf of the Estate and thereby restrict Watson=s access to information on
Koenig=s health and
condition B information
that appears facially relevant to Edington=s
application B without
proof of standing; that Watson is facing a Acatch
twenty-two@ by being
forced to produce evidence in support of his challenge while at the same time
having his ability to conduct discovery restricted; and that discovery requests
have been limited to a one-week period of time.  However, we agree with
Edington that Watson=s
petition is premature.

The
testator=s medical
records are frequently critical evidence in will contests.  See, e.g.,
In re  Estate of Robinson, 140 S.W.3d 782 (Tex. App.CCorpus Christi 2004, pet.
denied); see also Tex. Prob. Code
Ann. ' 10B
(Vernon 2003) (parties to will contests are entitled to production of records relevant
to the decedent=s
condition).  This is not to say that a testator=s
entire medical history must become public knowledge merely because a will
contest is filed.  Even if the medical records are no longer privileged, they
still must be relevant.  Tex. R. Civ. P.
192.3(a); see also In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex.
1998) (orig. proceeding) (discovery may not be used as a fishing expedition). 
We agree with Edington that the ultimate issues are Koenig=s capacity and freedom from
undue influence on the day she executed the 2003 will but note that courts may
look beyond the day a will was executed if the evidence tends to show the
testator=s state of
mind at the time of its execution.  See Horton v. Horton, 965 S.W.2d 78,
85 (Tex. App.CFort
Worth 1998, no pet.).








The
trial court has broad discretion to control the scope of discovery.  Dillard
Dep=t Stores,
Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding). 
Discovery requests themselves must be reasonably tailored to matters relevant
to the case at issue.  In re Xeller, 6 S.W.3d 618, 626 (Tex. App.CHouston [14th Dist.] 1999,
orig. proceeding).  Consequently, the trial court has broad discretion to limit
discovery requests by time, place, and subject matter.  See Texaco, Inc. v.
Sanderson, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding).  Those
restrictions must, however, be reasonable.  A court abuses its discretion in
unreasonably restricting a party=s
access to information.  Tex. R. Civ. P.
192 cmt. 7.  When that restriction vitiates or severely compromises a party=s ability to present a
viable claim or defense, mandamus is appropriate.  In re SWEPI L.P., 103
S.W.3d 578, 583 (Tex. App.CSan
Antonio 2003, orig. proceeding).

The
conditional nature of the trial court=s
rulings means not only that Watson has not been deprived of the opportunity to
engage in discovery but also that the trial court has not fully exercised its
discretion.  The discovery period established in the trial court=s discovery control plan
has not expired.  The parties, thus, still have the opportunity to conduct
discovery and to ask the court to modify or reconsider any of its prior
rulings.  Finally, our record does not indicate what information Watson
received either from Edington or the third parties in response to his discovery
requests.   It is possible that this or other information discovered or
developed by Watson will result in the trial court allowing broader discovery. 
But, before we become involved in a mandamus review of discovery orders, the
trial court should be given the opportunity to more fully exercise its
discretion.

IV. 
Holding

 
The petition for writ of mandamus is denied without prejudice to Watson=s ability to file a
subsequent petition for writ of mandamus or to raise any issue by direct
appeal.

 

 

RICK STRANGE

JUSTICE

July 31, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.